UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICKY VEALS | CIVIL ACTION |
| VERSUS | NO: 06-3776 |
| EDISON CHOUEST OFFSHORE, INC. AND PRIDE OFFSHORE, INC. | SECTION: J(3) |

### ORDER AND REASONS

Before the Court is the **Motion for Jury Trial (Rec. Doc. 13)** filed by Defendant Pride International, Inc. ("Pride"). This motion, which was opposed, was set for hearing on November 22, 2006 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Pride's motion should granted.

### Background

This lawsuit was filed on July 17, 2006 and involves an accident that occurred during a personnel basket transfer from a fixed platform to a vessel on the Outer Continental Shelf.  Suit filed: July 17, 2006.  Pride answered the Complaint on September 11, 2006 and did not request a trial by jury.  A bench trial is currently set for June 25, 2007.

### Discussion

Pride asserts that because Plaintiff's injury occurred while

1

he was being transferred via a personnel basket from a fixed platform located on the Outer Continental Shelf, Plaintiff's cause of action against Pride is governed under state law, and Pride is entitled to a jury trial.  Plaintiff does not appear to oppose this assertion.  Instead, Plaintiff asserts that Pride has waived its right to a jury trial by failing to timely request such.  Pride acknowledges that its request for a jury trial was untimely and claims that its failure to request a trial by jury in its answer was merely inadvertent.  Pride further claims that there is no strong and compelling reason to deny it of its Seventh Amendment right to a jury trial.

## The Law

Generally, if a party fails to timely request a trial by jury under Rule 38(d) of the Federal Rules of Civil Procedure, that party waives his right to a jury trial. However, Rule 39(d) provides that, "notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made by right, the court in its discretion upon motion may order a trial by a jury on any or all issues."  Moreover, "'[t]he right to a jury in a federal court as declared by the Seventh Amendment is a basic and fundamental feature in our system;' thus, there is a policy in favor of allowing a jury trial and 'the court should grant a jury trial in the absence of strong and compelling reasons to the contrary.'" Istre v. Williams, 2000 WL 1473595, *1 (E.D.La. Sept. 29, 2000) (quoting Swofford v. B & W, Inc., 336

2

F.3d 406, 409 (5th Cir.1964)).  Accordingly, a motion for trial by jury made pursuant to 39(b) of the Federal Rules of Civil Procedure should generally be granted unless there are persuasive reasons why it should be denied. Id. (quoting United States v. Unum, 658 F.2d 300, 303 (5th Cir.1981)).

In determining whether to exercise its discretion under Rule 39(b), the Court considers the following five factors: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the Court's schedule or that of an adverse party; (3) whether any party will be prejudiced by granting the motion, and, if so, to what degree; (4) the length of the delay before having requested a jury; and (5) the reason for the movant's delay in making the request.  See Daniel International Corp. v. Fischback & Moore, Inc., 916 F.2d 1061, 1064 (5th Cir.1990).

Upon applying these factors to the instant case, the Court concludes that the majority of the factors weigh in favor of granting Pride's motion. First, this is a personal injury action arising out of an accident that occurred during a personnel basket transfer from a fixed platform to a vessel on the Outer Continental Shelf, and the issues presented are routinely tried to juries. Second, granting the motion obviously would not disrupt the Court's or Plaintiffs' schedule, as trial is eight months away and the scheduling order has only recently been put into place.  Third, the Court finds that Plaintiff will not be

3

prejudiced by the Court granting this motion, given that this request was made approximately one month after the trial date was selected, so that Plaintiffs will still have ample time to prepare for trial. Fourth, this Court finds that the delay in making this request was not excessive. Last, while Pride has offered no real reason for the delay, other than mere inadvertence, this one factor does not justify the Court denying the motion, in light of the procedural posture of this case. Accordingly,

**IT IS ORDERED** that the **Motion for Jury Trial (Rec. Doc. 13)** should be and hereby is **GRANTED**.

New Orleans, Louisiana this 28th day of November, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4