```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

RICKY VEALS                                   CIVIL ACTION

VERSUS                                        NO: 06-3776

EDISON CHOUEST OFFSHORE,                      SECTION: J
LLC, ET AL
```

**ORDER AND REASONS**

Before the Court is defense counsel's request for prison and probation/parole records as maintained by the Department of Public Safety and Corrections. The instant matter is a marine personal injury case. Plaintiff was injured when he was being transferred from a platform to an offshore supply vessel. Plaintiff filed suit against defendants Pride International (the operator of the platform) and Edison Chouest Offshore (owner/operator of offshore supply vessel).

During the course of the proceedings, defendant filed a notice of intent to impeach plaintiff with evidence of conviction of crimes pursuant to Federal Rules of Evidence 609 (Rec. Doc. 18). Defendant then subpoenaed plaintiff's prison records. The Louisiana Department of Public Safety and Corrections has

1

forwarded these records to this Court pursuant to La. R.S. 15:574.12, which provides that the Department cannot provide such records to the party requesting them until they are reviewed by the appropriate court.

According to La. R.S. 15:574.12, whenever records such as those requested by defense counsel are subpoenaed, the records must be submitted to the appropriate court for a ruling as to whether the information should be turned over to the party who caused the subpoena to be issued.  La. Rev. Stat. Ann. 15:574.12. The court's determination is to be made in camera.  Id.  The information must be withheld if the court finds: (1) that the information is not relevant to the proceedings; or (2) that the information was derived from communications which were obviously made in the confidence that they would not be disclosed; or (3) that confidentiality is essential to future useful relations between the source and the recorder of the information.  Id.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.

To determine the relevancy of the requested records, this Court turns to Federal Rule of Evidence 609, Impeachment by Evidence of Conviction of Crime.  According to Rule 609, evidence that a witness has been convicted of a crime shall be admitted for the purpose of attacking the character for truthfulness of

2

that witness (subject to Rule 403) if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted.  Fed. R. Evid. 609. Additionally, evidence that a witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.  Id.

Evidence of a conviction is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction (whichever is the later date), unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.  Id.  However, evidence of a conviction more than ten years old is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence. Id.

As to what can be asked of plaintiff on cross-examination, defendant is entitled, when attacking credibility, to establish, at a minimum "the number of convictions, the nature of each of the crimes charged, the date and time of conviction." Beaudine v. United States, 368 F.2d 417, 421-22 (5th Cir. 1966).  In Gaudin v. Shell Oil Co., a case in which evidence of plaintiff's

conviction of a crime involving dishonesty or false statement was admissible in a civil action for alleged personal injuries, defense counsel could *not* inquire into the details of the conviction other than the name of the crime, the time and place of the conviction, and the punishment rendered.  132 F.R.D. 178 (E.D. La. 1990); see also Shows v. M/V Red Eagle, 695 F.2d 114 (5th Cir. 1983) (Even when prior conviction meets test of admissibility for impeachment, there should not be inquiry into such matters as length of confinement, interim period of freedom between a particular release date and defendant's next arrest for a crime, and defendant's unemployment between confinements).

This Court concludes that the requested prison records are not relevant in the context of this proceeding.  Defense counsel has stated that he already received plaintiff's medical records pursuant to a valid HIPAA release.  Plaintiff's criminal convictions, if not admitted to by plaintiff, can easily be proven by use of certified court records.  Therefore, plaintiff's entire prison records are not relevant and therefore should not be disclosed to defense counsel.  Accordingly,

**IT IS ORDERED** that defense counsel's request for plaintiff's prison and probation/parole records is hereby **DENIED**.  The Clerk is instructed to mail a copy of this order to William L. Kline, General Counsel, Department of Public Safety and Corrections, P.O. Box 94304, Baton Rouge, Louisiana 70804-9304.

New Orleans, Louisiana this 31st day of October, 2007.

                                        CARL J. BARBIER
                                        UNITED STATES DISTRICT JUDGE